**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0144, <u>Governor's Island Club, Inc. v. Richard Homsi</u>, the court on April 27, 2015, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See Sup. Ct. R.</u> 18(1).  We affirm.

The respondent, Richard Homsi, appeals the order of the Superior Court (<u>O'Neill</u>, J.) approving the request of the petitioner, Governor's Island Club, Inc., for attorney's fees in the amount of $45,713.04.  He argues that the trial court erred in:  (1) failing to make specific findings as to the reasonableness of the charges incurred; (2) finding that the petitioner had no duty to "mitigate its damages" by avoiding the incurrence of unreasonable attorney's fees; and (3) finding that the petitioner had no duty to inform him of its interpretation of the Declaration of Covenants and Restrictions (declaration).

The respondent first argues that the trial court erred in failing to make specific findings as to the reasonableness of the charges based upon the factors set forth in <u>McCabe v. Arcidy</u>, 138 N.H. 20, 29 (1993).  We afford the trial court substantial deference in awarding attorney's fees.  <u>Bennett v. Town of Hampstead</u>, 157 N.H. 477, 483 (2008).  We will affirm the trial court's factual findings unless they are unsupported by the evidence.  <u>Sutton v. Town of Gilford</u>, 160 N.H. 43, 55 (2010).  The reasonableness of a fee is determined based on an examination of a variety of factors which include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.

<u>McCabe v. Arcidy</u>, 138 N.H. at 29.

In its order, the trial court cited McCabe v. Arcidy and found, upon review, that the petitioner was entitled to the full amount of fees and costs requested, $45,713.04, based upon a provision in the declaration requiring payment of attorney's fees and costs if the association is required to go to court as a result of an owner's non-compliance, and the association prevails. In the absence of a party's request for specific findings, the trial court generally is not required to provide them in its order. Caouette v. Town of New Ipswich, 125 N.H. 547, 558 (1984). We assume the trial court made the subsidiary findings necessary to support its general finding. Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004). In this case, we assume that the trial court found that the fees were reasonable based upon the factors set forth in McCabe v. Arcidy. The record includes the attorneys' itemized billing statements, which show that the fees and costs were incurred over a period of eighteen months. The litigation involved several conferences with the petitioner's board of directors, numerous site visits, discovery, the respondent's deposition, proceedings for injunctive relief, mediation, and numerous pretrial motions. The billing rate was no more than $200 per hour, and the petitioner prevailed on summary judgment. We conclude that the record supports the trial court's implied finding that the fees and costs incurred were reasonable. See Sutton, 160 N.H. at 55.

The respondent also argues that the trial court erroneously placed the burden on him to prove that the petitioner's fees were unreasonable. In its order, the trial court noted that the respondent did not object to any specific charge in his opposition to the petitioner's fee request, and it concluded that the respondent's "conclusory reference to the factors set forth in McCabe v. Arcidy cannot support a finding that the total amount claimed is unreasonable or excessive." We construe the trial court's order as rejecting the respondent's argument that the fees were unreasonable, not as shifting of the burden to establish reasonableness. See Edwards v. RAL Auto. Group, 156 N.H. 700, 705 (2008) (interpretation of trial court order is a question of law which we review de novo).

The respondent next argues that the trial court erred in finding that the petitioner had no duty to "mitigate its damages" by avoiding the incurrence of unreasonable attorney's fees. In its order, the trial court noted that the respondent, in opposing the fee request, asserted that the petitioner "could have mitigated [its] damages by simply telling [the respondent] when he first [met] with the Board of Directors what [its] actual interpretations of the Declarations were and what he could and could not do." In its summary judgment order, the court found that, "[o]n May 17, 2012, the respondent met in person with the petitioner's Board of Directors, who reiterated that the respondent could not continue with his proposal." "Nevertheless," the court found, "the respondent, on or about June 7, 2012, began excavation at or near the location depicted for the garage and cottage." As a result, "[t]he petitioner sought a temporary restraining order, and a preliminary injunction, both of

2

which were granted." Based upon this record, we construe the trial court's order as rejecting, on factual grounds, the respondent's assertion that the petitioner could have reduced its attorney's fees simply by telling the respondent "what he could and could not do." See Sutton, 160 N.H. at 55; Nordic Inn Condo. Owners' Assoc., 151 N.H. at 586.

Finally, the respondent argues that the trial court erred in ruling that the petitioner had no duty to inform him of its interpretation of the declaration. We do not construe the trial court's order to include such a ruling. See Edwards, 156 N.H. at 705. The trial court found that the "petitioner had no duty to work collaboratively with the respondent to produce a plan that conformed to the Declaration before seeking judicial assistance with remedying current violations and preventing future violations." The court found that the petitioner informed the respondent more than once that his proposal did not comply with the declaration, and that, shortly thereafter, the respondent began excavation without the petitioner's approval. As a result, the petitioner was required to seek a temporary restraining order and preliminary injunction, both of which were granted. We conclude that the record supports the court's finding that, under such circumstances, the petitioner was not required to continue to work with the respondent to produce a conforming plan before seeking judicial assistance. See Sutton, 160 N.H. at 55.

Affirmed.

Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3